FILED
SEP 2 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION<br>1875 Connecticut Avenue NW<br>Suite 650<br>Washington, DC 20009,<br><br>           Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington DC 20530,<br><br>           Defendant. | Case: 1:07-cv-01732<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 9/27/2007<br>Description: FOIA/Privacy Act |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff seeks the expedited processing and release of records that Plaintiff requested from Defendant Department of Justice's component, the Office of Legislative Affairs, concerning the DOJ's efforts to push for changes to federal surveillance law and to ensure that telecommunications companies are not held responsible for their role in the government's unlawful surveillance of millions of Americans. There is no dispute that the requested records concern a matter about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and were "made by a person primarily engaged in disseminating information." 28 C.F.R. § 16.5(d)(1)(ii). Therefore, Plaintiff is statutorily entitled to the expedited treatment it seeks.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This

Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

3.   Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the State of California, with offices in San Francisco, California and Washington, DC. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4.   Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The Office of Legislative Affairs ("OLA") is a component of Defendant DOJ.

### The Administration's Campaign to Shield Telecommunications Companies From Liability for Their Role in Unlawful Surveillance Activity

5.   On December 15, 2005, the *New York Times* reported:

> Months after the Sept. 11 attacks, President Bush secretly authorized the National Security Agency to eavesdrop on Americans and others inside the United States to search for evidence of terrorist activity without the court-approved warrants ordinarily required for domestic spying, according to government officials.
>
> Under a presidential order signed in 2002, the intelligence agency has monitored the international telephone calls and international e-mail messages of hundreds, perhaps thousands, of people inside the United States without warrants over the past three years in an effort to track possible "dirty numbers" linked to Al Qaeda, the officials said.

James Risen and Eric Lichtblau, *Bush Lets U.S. Spy on Callers Without Courts*, N.Y. TIMES, Dec. 15, 2005 at A1. The following day, President Bush confirmed in a radio address that he had authorized a surveillance program to intercept international communications in which one participant was suspected of having a connection to the terrorist organization al Qaeda.

2

President's Radio Address, Dec. 17, 2005, http://www.whitehouse.gov/news/releases/2005/12/20051217.html.

6. Shortly thereafter, the *New York Times* reported that the NSA's surveillance activity was far more extensive than the operation President Bush had described. According to the *Times*:

> The National Security Agency has traced and analyzed large volumes of telephone and Internet communications flowing into and out of the United States as part of the eavesdropping program that President Bush approved after the Sept. 11, 2001, attacks to hunt for evidence of terrorist activity, according to current and former government officials.
>
> The volume of information harvested from telecommunication data and voice networks, without court-approved warrants, is much larger than the White House has acknowledged, the officials said. It was collected by tapping directly into some of the American telecommunication system's main arteries, they said.
>
> As part of the program approved by President Bush for domestic surveillance without warrants, the N.S.A. has gained the cooperation of American telecommunications companies to obtain backdoor access to streams of domestic and international communications, the officials said.

Eric Lictblau, *Spy Agency Mined Vast Data Trove*, N.Y. TIMES, Dec. 24, 2005.

7. On February 6, 2006, *USA Today* reported, "[t]he National Security Agency has secured the cooperation of large telecommunications companies, including AT&T, MCI and Sprint, in its efforts to eavesdrop without warrants on international calls by suspected terrorists, according to seven telecommunications executives." Leslie Cauley and John Diamond, *Telecoms Let NSA Spy on Calls*, USA TODAY, Feb. 6, 2006.

8. Approximately forty-one lawsuits have been filed throughout the United States seeking to hold the government and cooperating telecommunications carriers responsible for violating the law and the privacy of individuals through the NSA's massive and illegal warrantless spying program. An additional seven suits have arisen out of attempts by state public utility commissioners and attorneys general to seek information from telecommunications

carriers about their involvement in warrantless surveillance activities. These lawsuits have been consolidated and are currently pending in the United States District Court for the Northern District of California. *In re NSA Telecommunications Records Litigation* (MDL Docket No. 06-1791 VRW).[1]

9. On August 5, 2007, President Bush signed into law the Protect America Act of 2007, legislation that amended the Foreign Intelligence Surveillance Act ("FISA") to expand the government's power to intercept overseas communications of Americans without warrants. Pub. L. No. 110-55, 121 Stat. 552. Among other things, the law protects telecommunications companies from future legal liability for their role in certain government surveillance activity.

10. In an article published the same day, the *New York Times* reported:

> [The Protect American Act] gave the administration greater power to force telecommunications companies to cooperate with such spying operations. The companies can now be compelled to cooperate by orders from the attorney general and the director of national intelligence.
>
> Democratic Congressional aides said Sunday that some telecommunications company officials had told Congressional leaders that they were unhappy with that provision in the bill and might challenge the new law in court. The aides said the telecommunications companies had told lawmakers that they would rather have a court-approved warrant ordering them to comply.
>
> In fact, pressure from the telecommunications companies on the Bush administration has apparently played a major hidden role in the political battle over the surveillance issue over the past few months.

James Risen, *Bush Signs Law to Widen Reach for Wiretapping*, N.Y. TIMES, Aug. 5, 2007.

11. While the Protect America Act will expire in February 2008, President Bush has indicated that the Administration will push for even greater legal immunity for the telecommunications industry in the coming months:

> When Congress returns in September the Intelligence committees and leaders in both parties will need to complete work on the comprehensive reforms requested by Director [of National Intelligence Mike] McConnell, including the

---

[1] Plaintiff is Co-Lead Coordinating Counsel in this litigation.

important issue of providing meaningful liability protection to those who are alleged to have assisted our Nation following the attacks of September 11, 2001.

Signing Statement, *President Bush Commends Congress on Passage of Intelligence Legislation*, Aug. 6, 2007, *available at* http://www.whitehouse.gov/news/releases/ 2007/08/20070805.html.

12. In an interview discussing the government's warrantless surveillance activities published by the *El Paso Times* on August 22, 2007, Director McConnell stated:

> [U]nder the president's program, the terrorist surveillance program, the private sector had assisted us. Because if you're going to get access you've got to have a partner and they were being sued. Now if you play out the suits at the value they're claimed, it would bankrupt these companies. So my position was that we have to provide liability protection to these private sector entities.

Chris Roberts, *Transcript: Debate on the Foreign Intelligence Surveillance Act*, EL PASO TIMES, Aug. 22, 2007.

13. According to a recent article published by *Newsweek*, "[t]he nation's biggest telecommunications companies, working closely with the White House, have mounted a secretive lobbying campaign to get Congress to quickly approve a measure wiping out all private lawsuits against them for assisting the U.S. intelligence community's warrantless surveillance programs." Michael Isikoff and Mark Hosenball, *The Phone Companies' Secret Lobbying Campaign*, NEWSWEEK, Sept. 20, 2007.

### Plaintiff's FOIA Requests and Request for Expedited Processing

14. In two letters sent by facsimile to OLA and dated August 16, 2007, Plaintiff requested under the FOIA all records from December 2005 to August 16, 2007 concerning briefings, discussions, or other exchanges that Justice Department officials have had concerning amendments to FISA with a.) representatives of telecommunications companies, and b.) offices of members of the Senate or House of Representatives, including any discussion of immunizing

telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities.

15.  In its August 16 letters, Plaintiff also formally requested that the processing of these requests be expedited because they pertain to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and were "made by a person primarily engaged in disseminating information." 28 C.F.R. § 16.5(d)(1)(ii).

16.  By letter dated August 27, 2007, the DOJ Office of Information and Privacy acknowledged receipt of Plaintiff's FOIA requests and informed Plaintiff that its requests for expedited processing had been granted.

17.  Notwithstanding Defendant DOJ's purported decision to expedite the processing of Plaintiff's FOIA requests, to date, OLA has neither completed the processing of Plaintiff's requests, nor informed Plaintiff of an anticipated date for the completion of the processing of the requests.

18.  Not only has OLA failed to expedite the processing of Plaintiff's requests, it has also exceeded the generally applicable twenty-day deadline for the processing of *any* FOIA request.

19.  Plaintiff has exhausted the applicable administrative remedies.

20.  Defendant DOJ has wrongfully withheld the requested records from Plaintiff.

### CAUSE OF ACTION

#### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

21.  Plaintiff repeats and realleges paragraphs 1-20.

22.  OLA has wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

23. Plaintiff has exhausted the applicable administrative remedies with respect to OLA's wrongful withholding of the requested records.

24. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A. order Defendant DOJ and its component to process immediately the requested records in their entirety;

B. order Defendant DOJ and its component, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

C. provide for expeditious proceedings in this action;

D. award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. grant such other relief as the Court may deem just and proper.

DATED: September 27, 2007

Respectfully submitted,

_____ (BY DLS)
MARCIA HOFMANN
D.C. Bar No. 484136

_____
DAVID L. SOBEL
D.C. Bar No. 360418

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue NW
Suite 650

Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

## I (a) PLAINTIFFS
Electronic Frontier Foundation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DC
(EXCEPT IN U.S. PLAINTIFF CASES)

11001

## DEFENDANTS
Department of Justice

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES...

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
David L. Sobel, Electronic Frontier Foundation
1875 Connecticut Ave. NW, Suite 650
Washington, DC 20009  (202) 797-9009

Case: 1:07-cv-01732
Assigned To : Walton, Reggie B.
Assign. Date : 9/27/2007
Description: FOIA/Privacy Act

## II BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENS...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ☐ **G. *Habeas Corpus/2255*** <br><br>☐ 530 Habeas Corpus-General <br>☐ 510 Motion/Vacate Sentence | ☐ **H. *Employment Discrimination*** <br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation) <br><br>*(If pro se, select this deck)* | ☒ **I. *FOIA/PRIVACY ACT*** <br><br>☒ 895 Freedom of Information Act <br>☐ 890 Other Statutory Actions (if Privacy Act) <br><br>*(If pro se, select this deck)* | ☐ **J. *Student Loan*** <br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K. *Labor/ERISA (non-employment)*** <br><br>☐ 710 Fair Labor Standards Act <br>☐ 720 Labor/Mgmt. Relations <br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br>☐ 740 Labor Railway Act <br>☐ 790 Other Labor Litigation <br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L. *Other Civil Rights (non-employment)*** <br><br>☐ 441 Voting (if not Voting Rights Act) <br>☐ 443 Housing/Accommodations <br>☐ 444 Welfare <br>☐ 440 Other Civil Rights | ☐ **M. *Contract*** <br><br>☐ 110 Insurance <br>☐ 120 Marine <br>☐ 130 Miller Act <br>☐ 140 Negotiable Instrument <br>☐ 150 Recovery of Overpayment & Enforcement of Judgment <br>☐ 153 Recovery of Overpayment of Veteran's Benefits <br>☐ 160 Stockholder's Suits <br>☐ 190 Other Contracts <br>☐ 195 Contract Product Liability | ☐ **N. *Three-Judge Court*** <br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multi district Litigation
☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
FOIA, 5 U.S.C. § 552

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 9-27-07   SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.