IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1732 (RBW) |
| ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF**

Defendant, the United States Department of Justice, by and through undersigned counsel, hereby answers plaintiff's complaint in the above-captioned matter as follows:

First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

The Court lacks subject matter jurisdiction over plaintiff's complaint because defendant has not improperly withheld information within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Third Affirmative Defense

The FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted.

Fourth Affirmative Defense

Defendant denies each and every allegation contained in the complaint except as hereinafter may be expressly admitted.

In response to the numbered paragraphs and sentences of the complaint, defendant admits, denies, or otherwise responds as follows:

1. The allegations contained in first two sentences of this paragraph consist of plaintiff's characterization of its complaint, to which no response by defendant is required. To the extent a response is deemed required, defendant admits that this action arises under the FOIA and that the U.S. Department of Justice is the named defendant, but denies the remainder of the allegations contained in these sentences. The third and fourth sentences of this paragraph consist of plaintiff's conclusions of law and characterization of the nature of plaintiff's action, to which no response is required. To the extent a response is deemed required, defendant denies the allegations.

2. The allegations contained in this paragraph consist of legal conclusions regarding the scope and extent of the Court's jurisdiction and venue, to which no response from defendant is required. To the extent a response is deemed required, the allegations are denied.

3. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

4. Admitted.

5. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendant is required. To the extent a response is deemed required, with respect to the allegations contained in the first sentence, this sentence quotes a portion of a December 15, 2005 article in the NEW YORK TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents. With respect to the allegations in the second sentence, defendant admits that, in a radio address made on December 17, 2005, the President of the United States described certain activities of the NSA which he authorized following the terrorist attacks of September 11, 2001. The Court is

respectfully referred to the transcript of that radio address, available at

http://www.whitehouse.gov/news/releases/2005/12/20051217.html, for a full and accurate

description of the President's statement.

   6.  The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendant is required. To the extent a response is deemed required, this paragraph quotes a portion of a December 24, 2005 article in the NEW YORK TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents.

   7  The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendant is required.  To the extent a response is deemed required, this paragraph quotes a portion of a February 6, 2006 article in USA TODAY, to which the Court is respectfully referred for a full and accurate statement of its contents.

   8.  The allegations contained in this paragraph constitute plaintiff's characterization of various lawsuits related to certain activities of the NSA following the terrorist attacks of September 11, 2001, to which no response by defendant is required.  To the extent a response is deemed required, defendant admits that various lawsuits have been filed throughout the United States related to certain activities of the NSA, but denies plaintiff's characterization of these lawsuits.

   9.   The allegations contained in this paragraph constitute plaintiff's characterization of the Protect America Act of 2007, to which no response by defendant is required.  To the extent a response is deemed required, defendant denies plaintiff's characterization of the Act except to admit that the President of the United States signed the Protect America Act of 2007 into law on August 5, 2007.  The Court is respectfully referred to the Act for a full and accurate

statement of its contents.  *See* Protect America Act of 2007, Pub. L. No. 110-55, 121 Stat. 552.

        10.     The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendant is required.  To the extent a response is deemed required, this paragraph quotes a portion of a August 5, 2007 article in the NEW YORK TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents.

        11.     The allegations contained in this paragraph constitute plaintiff's characterization of a public statement by the President of the United States concerning the Protect America Act of 2007, to which no response by defendant is required.  To the extent a response is deemed required, the Court is respectfully referred to the entire statement for a full and accurate statement of its contents.  *See* http://www.whitehouse.gov/news/releases/2007/08/20070805.html.

        12.     The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendant is required.  To the extent a response is deemed required, this paragraph quotes a portion of a August 22, 2007 article in the EL PASO TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents.

        13.     The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendant is required.  To the extent a response is deemed required, this paragraph quotes a portion of a September 20, 2007 article in NEWSWEEK, to which the Court is respectfully referred for a full and accurate statement of its contents.

        14.     Admitted.

        15.     Admitted.

        16.     Admitted.

17. Defendant denies the allegations in this paragraph, except to aver that defendant is continuing to process Plaintiff's FOIA requests and has not yet determined a date of completion.

18. The allegations contained in this paragraph constitute conclusions of law to which no response by defendant is required. To the extent a response is deemed required, the allegations are denied.

19. The allegations contained in this paragraph constitute conclusions of law to which no response by defendant is required. To the extent a response is deemed required, the allegations are denied.

20. The allegations contained in this paragraph constitute conclusions of law to which no response by defendant is required. To the extent a response is deemed required, the allegations are denied.

21. Defendant repeats and realleges the responses made in paragraphs 1-20.

22. The allegations contained in this paragraph constitute conclusions of law to which no response by defendant is required. To the extent a response is deemed required, the allegations are denied.

23. The allegations contained in this paragraph constitute conclusions of law to which no response by defendant is required. To the extent a response is deemed required, the allegations are denied.

24. The allegations contained in this paragraph constitute conclusions of law to which no response by defendant is required. To the extent a response is deemed required, the

allegations are denied.

 WHEREFORE, having fully answered plaintiff's complaint, defendant prays for a judgment dismissing the complaint with prejudice and for such further relief as the Court may deem just.

Dated: October 29, 2007     Respectfully submitted,

               PETER D. KEISLER
               Assistant Attorney General

               JEFFERY A. TAYLOR
               United States Attorney

               ELIZABETH J. SHAPIRO
               Assistant Director, Federal Programs Branch

               /s/ *Andrew I. Warden*
               ANDREW I. WARDEN (IN Bar No. 23840-49)
               Trial Attorney
               United States Department of Justice
               Civil Division, Federal Programs Branch
               20 Massachusetts Ave., N.W., Room 6120
               Washington, DC  20530
               Tel:  (202) 616-5084
               Fax:  (202) 616-8460

               Attorneys for Defendant